## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

NOKIA CORPORATION, NOKIA INC., and
INTELLISYNC CORPORATION,

        Plaintiffs,

        v.

HTC CORPORATION, HTC AMERICA,
INC. and EXEDEA INC.,

        Defendants.

Civil Action No.

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Nokia Corporation, Nokia Inc., and Intellisync Corporation (collectively "Nokia"), for their Complaint against Defendants HTC Corporation, HTC America, Inc., and Exedea Inc. (collectively "HTC") hereby allege as follows:

### The Parties

1.    Plaintiff Nokia Corporation is a company organized under the laws of Finland, with its principal place of business at Keilalahdentie 4, P.O. Box 226, Espoo, Finland.

2.    Plaintiff Nokia Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business in Sunnyvale, California. Nokia Inc. is a wholly-owned subsidiary of Nokia Corporation.

3.    Plaintiff Intellisync Corporation is a corporation existing under the laws of the State of California, with its principal place of business in Sunnyvale, California. Intellisync Corporation is a wholly-owned subsidiary of Nokia Inc.

4.     Defendant HTC Corporation is a Taiwanese corporation, with its principal place of business at 23 Xinghua Road, Taoyuan City, Taoyuan County 330, Taiwan, Republic of China.

5.     Defendant HTC America, Inc. is a wholly-owned subsidiary of Defendant HTC Corporation and is incorporated under the laws of the State of Washington, with its principal place of business at 13920 S.E. Eastgate Way, Suite 400, Bellevue, Washington 98005.

6.     Defendant Exedea Inc. is a wholly-owned subsidiary of Defendant HTC Corporation and is incorporated under the laws of the State of Texas, with its principal place of business at 5950 Corporate Drive, Houston, TX 77036.

## Nature Of The Action

7.     This is a civil action for infringement of nine United States patents, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## Jurisdiction And Venue

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because HTC resides in this district, is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

## The Patents-In-Suit

10.     United States Patent No. 5,570,369 ("the '369 patent"), entitled "Reduction of Power Consumption in a Mobile Station," was duly and legally issued by the United States Patent and Trademark Office on October 29, 1996.  A copy of the '369 patent is attached hereto as Exhibit A.

11.     United States Patent No. 5,884,190 ("the '190 patent"), entitled "Method for Making a Data Transmission Connection From a Computer to a Mobile Communication Network for Transmission of Analog and/or Digital Signals," was duly and legally issued by the United States Patent and Trademark Office on March 16, 1999.  A copy of the '190 patent is attached hereto as Exhibit B.

12.     United States Patent No. 6,141,664 ("the '664 patent"), entitled "Synchronization Of Databases With Date Range," was duly and legally issued by the United States Patent and Trademark Office on October 31, 2000.  The '664 was amended by the ex parte reexamination certificate issued on November 25, 2005. A copy of the '664 patent and the reexamination certificate are attached hereto as Exhibit C.

13.     United States Patent No. 6,393,260 ("the '260 patent"), entitled "Method for Attenuating Spurious Signals and Receiver," was duly and legally issued by the United States Patent and Trademark Office on May 21, 2002.  A copy of the '260 patent is attached hereto as Exhibit D.

14.     United States Patent No. 6,728,530 ("the '530 patent"), entitled "Calendar-Display Apparatus, and Associated Method, for a Mobile Terminal," was duly and legally issued by the United States Patent and Trademark Office on April 27, 2004.  A copy of the '530 patent is attached hereto as Exhibit E.

15.     United States Patent No. 7,106,293 ("the '293 patent"), entitled "Lighting Control Method And Electronic Device," was duly and legally issued by the United States Patent and Trademark Office on September 12, 2006.  A copy of the '293 patent is attached hereto as Exhibit F.

16.     United States Patent No. 7,209,911 ("the '911 patent"), entitled "Synchronization Of Databases Using Filters," was duly and legally issued by the United States Patent and Trademark Office on April 24, 2007.  A copy of the '911 patent is attached hereto as Exhibit G.

17.     United States Patent No. 7,366,529 ("the '529 patent"), entitled "Communication Network Terminal Supporting A Plurality Of Applications," was duly and legally issued by the United States Patent and Trademark Office on April 29, 2008.  A copy of the '529 patent is attached hereto as Exhibit H.

18.     United States Patent No. 7,415,247 ("the '247 patent"), entitled "Method And Arrangement For Transmitting And Receiving RF Signals Through Various Radio Interfaces Of Communication Systems," was duly and legally issued by the United States Patent and Trademark Office on August 19, 2008.  A copy of the '247 patent is attached hereto as Exhibit I.

19.     The '369 patent, '190 patent, '664 patent, '260 patent, '530 patent, '293 patent, '911 patent, '529 patent, and '247 patent are collectively referred to herein as the "patents-in-suit."

20.     Nokia Corporation is the assignee of the '369 patent, '190 patent, '260 patent, '530 patent, '293 patent, '529 patent, and '247 patent.  Nokia Inc. is an exclusive licensee of the '369 patent, '190 patent, '260 patent, '530 patent, '293 patent, '529 patent, and '247 patent.

21.     Intellisync Corporation is the assignee of the '664 patent and '911 patent.

22.     Nokia has the right to bring this suit to recover damages for any current, future, or past infringement of each of the patents-in-suit.

## COUNT I

### Infringement Of The '369 Patent

23.     Paragraphs 1 through 22 are incorporated by reference as if fully stated herein.

4

24.     The '369 patent is valid and enforceable.

25.     HTC has infringed, and continues to infringe, one or more claims of the '369 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC Sensation 4G, and HTC Vivid.

26.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '369 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC Sensation 4G, and HTC Vivid.

27.     HTC has had knowledge of and notice of the '369 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '369 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '369 patent and its infringement.

28.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '369 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '369 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer

5

for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '369 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

29.     HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '369 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '369 patent, knowing that those products are especially made or adapted to infringe the '369 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

30.     Nokia has been and continues to be damaged by HTC's infringement of the '369 patent.

31.     Nokia has been irreparably harmed by HTC's infringement of the '369 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

32.     HTC's conduct in infringing the '369 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement Of The '190 Patent

33.     Paragraphs 1 through 32 are incorporated by reference as if fully stated herein.

34.     The '190 patent is valid and enforceable.

35.     HTC has infringed, and continues to infringe, one or more claims of the '190 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States, including for example, by using mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

36.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '190 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States by using mobile phones, smart phones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

37.     HTC has had knowledge of and notice of the '190 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '190 patent and its infringement since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '190 patent and its infringement.

38.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '190 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce,

infringement of the '190 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '190 patent; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smart phones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smart phones, and tablet computers.

39.     HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '190 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smart phones, and tablet computers, knowing that those products constitute a material part of the inventions of the '190 patent, knowing that those products are especially made or adapted to infringe the '190 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

40.     Nokia has been and continues to be damaged by HTC's infringement of the '190 patent.

41.     Nokia has been irreparably harmed by HTC's infringement of the '190 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

42.     HTC's conduct in infringing the '190 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT III

### Infringement Of The '664 Patent

43.     Paragraphs 1 through 42 are incorporated by reference as if fully stated herein.

44.     The '664 patent is valid and enforceable.

45.     HTC has infringed, and continues to infringe, one or more claims of the '664 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

46.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '664 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

47.     HTC has had knowledge of and notice of the '664 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '664 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '664 patent and its infringement.

48.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '664 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '664 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '664 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

49.     HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '664 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '664 patent, knowing that those products are especially made or adapted to infringe the '664 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

50.     Nokia has been and continues to be damaged by HTC's infringement of the '664 patent.

51.     Nokia has been irreparably harmed by HTC's infringement of the '664 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

52.     HTC's conduct in infringing the '664 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV

### Infringement Of The '260 Patent

53.     Paragraphs 1 through 52 are incorporated by reference as if fully stated herein.

54.     The '260 patent is valid and enforceable.

55.     HTC has infringed, and continues to infringe, one or more claims of the '260 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC Radar 4G, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

56.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '260 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC

Jetstream, HTC MyTouch 4G Slide, HTC Radar 4G, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

57.   HTC has had knowledge of and notice of the '260 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '260 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '260 patent and its infringement.

58.   HTC has induced infringement, and continues to induce infringement, of one or more claims of the '260 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '260 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '260 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

59.   HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '260 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '260 patent, knowing that those products are especially made or adapted to infringe the '260 patent, and

knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

60.     Nokia has been and continues to be damaged by HTC's infringement of the '260 patent.

61.     Nokia has been irreparably harmed by HTC's infringement of the '260 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

62.     HTC's conduct in infringing the '260 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**COUNT V**

**Infringement Of The '530 Patent**

63.     Paragraphs 1 through 62 are incorporated by reference as if fully stated herein.

64.     The '530 patent is valid and enforceable.

65.     HTC has infringed, and continues to infringe, one or more claims of the '530 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

66.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '530 patent under 35 U.S.C. § 271(a), either literally and/or

13

under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

67.     HTC has had knowledge of and notice of the '530 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '530 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '530 patent and its infringement.

68.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '530 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '530 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '530 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

69.     HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '530 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States,

and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '530 patent, knowing that those products are especially made or adapted to infringe the '530 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

70.     Nokia has been and continues to be damaged by HTC's infringement of the '530 patent.

71.     Nokia has been irreparably harmed by HTC's infringement of the '530 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

72.     HTC's conduct in infringing the '530 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VI

### Infringement Of The '293 Patent

73.     Paragraphs 1 through 72 are incorporated by reference as if fully stated herein.

74.     The '293 patent is valid and enforceable.

75.     HTC has infringed, and continues to infringe, one or more claims of the '293 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Rhyme and HTC Vivid.

76.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '293 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Rhyme and HTC Vivid.

77.     HTC has had knowledge of and notice of the '293 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '293 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '293 patent and its infringement.

78.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '293 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '293 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '293 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

79.     HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '293 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States,

and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '293 patent, knowing that those products are especially made or adapted to infringe the '293 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

80.     Nokia has been and continues to be damaged by HTC's infringement of the '293 patent.

81.     Nokia has been irreparably harmed by HTC's infringement of the '293 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

82.     HTC's conduct in infringing the '293 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VII

### Infringement Of The '911 Patent

83.     Paragraphs 1 through 82 are incorporated by reference as if fully stated herein.

84.     The '911 patent is valid and enforceable.

85.     HTC has infringed, and continues to infringe, one or more claims of the '911 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer,

17

HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

86.    Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '911 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

87.    HTC has had knowledge of and notice of the '911 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '911 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '911 patent and its infringement.

88.    HTC has induced infringement, and continues to induce infringement, of one or more claims of the '911 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '911 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '911 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials,

supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

89.     HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '911 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '911 patent, knowing that those products are especially made or adapted to infringe the '911 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

90.     Nokia has been and continues to be damaged by HTC's infringement of the '911 patent.

91.     Nokia has been irreparably harmed by HTC's infringement of the '911 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

92.     HTC's conduct in infringing the '911 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT VIII

### Infringement Of The '529 Patent

93.     Paragraphs 1 through 92 are incorporated by reference as if fully stated herein.

94.     The '529 patent is valid and enforceable.

95.     HTC has infringed, and continues to infringe, one or more claims of the '529 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by

making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

96.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '529 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC One S, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

97.     HTC has had knowledge of and notice of the '529 patent and its infringement at least since the filing of this complaint. HTC also has had knowledge of and notice of the '529 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '529 patent and its infringement.

98.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '529 patent under 35 U.S.C. § 271(b). HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '529 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC

to infringe the '529 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

99.    HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '529 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '529 patent, knowing that those products are especially made or adapted to infringe the '529 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

100.   Nokia has been and continues to be damaged by HTC's infringement of the '529 patent.

101.   Nokia has been irreparably harmed by HTC's infringement of the '529 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

102.   HTC's conduct in infringing the '529 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IX

### Infringement Of The '247 Patent

103.   Paragraphs 1 through 102 are incorporated by reference as if fully stated herein.

104.     The '247 patent is valid and enforceable.

105.     HTC has infringed, and continues to infringe, one or more claims of the '247 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing mobile phones, smartphones, and tablet computers, including but not limited to the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC Radar 4G, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

106.     Third parties, including HTC's customers, have infringed, and continue to infringe, one or more claims of the '247 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers supplied by HTC, including the HTC Amaze 4G, HTC Inspire 4G, HTC Flyer, HTC Jetstream, HTC MyTouch 4G Slide, HTC Radar 4G, HTC Rezound, HTC Rhyme, HTC Sensation 4G, and HTC Vivid.

107.     HTC has had knowledge of and notice of the '247 patent and its infringement at least since the filing of this complaint.  HTC also has had knowledge of and notice of the '247 patent and its infringement at least since May 2, 2012, through a letter sent by Nokia to HTC on May 2, 2012 concerning the '247 patent and its infringement.

108.     HTC has induced infringement, and continues to induce infringement, of one or more claims of the '247 patent under 35 U.S.C. § 271(b).  HTC actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce,

22

infringement of the '247 patent by selling or otherwise supplying mobile phones, smartphones, and tablet computers; with the knowledge and specific intent that third parties will use, sell, offer for sale, and/or import the mobile phones, smartphones, and tablet computers supplied by HTC to infringe the '247 patent; and with the knowledge and specific intent to encourage and facilitate the infringement through the dissemination of the mobile phones, smartphones, and tablet computers and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the mobile phones, smartphones, and tablet computers.

109.    HTC has contributed to the infringement by third parties, including HTC's customers, and continues to contribute to infringement by third parties, of one or more claims of the '247 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, mobile phones, smartphones, and tablet computers, knowing that those products constitute a material part of the inventions of the '247 patent, knowing that those products are especially made or adapted to infringe the '247 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

110.    Nokia has been and continues to be damaged by HTC's infringement of the '247 patent.

111.    Nokia has been irreparably harmed by HTC's infringement of the '247 patent. Unless and until HTC's continued acts of infringement are enjoined, Nokia will suffer further irreparable harm for which there is no adequate remedy at law.

112.    HTC's conduct in infringing the '247 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## Prayer For Relief

WHEREFORE, Nokia prays for judgment as follows:

    A.    That HTC has infringed each of the patents-in-suit;

    B.    That this Court permanently enjoin HTC, its subsidiaries, affiliates, successors and assigns, and each of its officers, directors, employees, representatives, agents, and attorneys, and all persons acting in concert or active participation with, or on its behalf, or within its control, from making, using, selling, offering for sale, selling, importing, or advertising products and/or services and/or employing systems, hardware, software and/or components and/or making use of systems or processes that infringe any of the claims of the patents-in-suit;

    C.    That Nokia be awarded all damages adequate to compensate it for HTC's infringement of the patents-in-suit, such damages to be determined by a jury and, if necessary to adequately compensate Nokia for the infringement, an accounting, and that such damages be awarded to Nokia with pre-judgment and post-judgment interest;

    D.    That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Nokia be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

    E.    That Nokia be awarded such other and further relief as this Court deems just and proper.

## Demand For Jury Trial

Nokia hereby demands a trial by jury on all issues so triable.

Dated:  May 2, 2012

FARNAN LLP

/s/ Joseph J. Farnan, Jr.
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street
12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com

*Counsel for Plaintiffs*
*Nokia Corporation, Nokia Inc. and*
*Intellisync Corporation*

*Of Counsel:*

DESMARAIS LLP
John M. Desmarais
Alan S. Kellman
Jason Berrebi
230 Park Avenue
New York, NY  10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)


ALSTON & BIRD LLP
Patrick J. Flinn
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
(404) 881-7920 (Telephone)
(404) 253-8370 (Facsimile)

ALSTON & BIRD LLP
Michael J. Newton
2828 North Harwood Street, 18th Floor
Dallas, TX 75201
(214) 922-3423 (Telephone)
(214) 922-3863 (Facsimile)